UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CYMEYON HILL,

    Plaintiff,

v.

DR. M. TYLER, et al.,

    Defendants.

Case No. 20-cv-07374-YGR (PR)

**ORDER OF PARTIAL DISMISSAL; SERVING COGNIZABLE CLAIM; AND REFERRING CASE TO PRO SE PRISONER MEDIATION PROGRAM**

## I. INTRODUCTION

Plaintiff, a civil detainee currently in custody at Salinas Valley State Prison ("SVSP"), filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.[1] Plaintiff's motion for leave to proceed *in forma pauperis* will be granted in a separate order.

Plaintiff has named as Defendants in this action the following SVSP staff: Psychiatrists M. Tyler and G. Ramos; Dr. M. Sing[2]; and Acting Warden M. B. Atchley.[3] Dkt. 1 at 2.[4] Venue is proper because the events giving rise to the claims are alleged to have occurred at SVSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b). Plaintiff seeks injunctive relief and punitive damages.

---

[1] Petitioner had initially filed the instant civil rights action in the Eastern District of California. *See* Dkt. 1. Thereafter, the Eastern District ordered the case transferred to the Northern District. Dkt. 5. It was then transferred from the Eastern District to this Court. Dkt. 6.

[2] The Clerk of the Court listed one of the named defendants as "M. Seng" because Plaintiff's handwriting on his complaint is difficult to decipher. *See* Dkt. 1 at 1. However, upon reading the complaint more closely, the Court has deciphered his handwriting and directs the Clerk to correct the spelling of this Defendant's last name from "Seng" to "Sing." *See id.* at 1-2.

[3] This action seems to be duplicative of another previously-filed action, *Hill v. Tyler*, Case No. 20-cv-04797-YGR (PR), which raised a similar claim of deliberate indifference to his serious medical needs against the same three prison physicians (Drs. Tyler, Ramos, and Sing) stemming from an incident in May 2020 involving Defendant Tyler prescribing Zyprexa leading to Plaintiff suffering severe side effects, and Defendants failing to treat him to relieve him of such side effects. However, that earlier-filed action was dismissed for IFP deficiency. *See* Dkts. 7, 8 in Case No. 20-cv-04797- YGR. Thus, the Court will allow Plaintiff to pursue this action, and it will screen the instant complaint below.

[4] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id*. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

### B. Legal Claim

Deliberate indifference to a prisoner's serious medical needs amounts to the cruel and unusual punishment prohibited by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff claims that on May 1, 2020, Defendant Tyler was "deliberatel[]y indifferent by placing Plaintiff on psychotropic medication[] Zyprexa . . . ." Dkt. 1 at 3. Plaintiff adds that "Defendant [Tyler] told Plaintiff if he did not take the prescribed medication Defendant [Tyler] would place Plaintiff on a Keyhea order[5] issued by the court." *Id.* (brackets and footnote added).

---

[5] Under California law, the Keyhea procedures govern the involuntary administration of antipsychotic medications. In *Keyhea v. Rushen*, 178 Cal. App. 3d 526 (Cal. App. 1986), the state appellate court "upheld a consent decree affirming the right of state prisoners to refuse

2

United States District Court
Northern District of California

1  Plaintiff complied, but he "began experiencing chest pains[,] severe he[a]dache[,] pain in [his]
2  stomach and problems with balance. *Id.* (brackets added). Defendant Tyler refused to take
3  Plaintiff off Zyprexa and instead transferred Plaintiff's care to another psychiatrist, Defendant
4  Ramos. *Id.* Even after Plaintiff requested to be taken off Zyprexa due to the aforementioned side
5  effects, Defendant Ramos refused to do so and "told Plaintiff she didn't care and that Plaintiff was
6  going to pay and [she] stated that Plaintiff would be placed on a Keyhea order by [the] court." *Id.*
7  at 4. Plaintiff requested medical attention from Defendant Sing and was "repeatedly denied." *Id.*

   Liberally construed, the allegations above state a claim of deliberate indifference against
   Defendants Tyler, Ramos, and Sing.

   Plaintiff sues Defendant Atchley in his supervisory capacity. Plaintiff does not allege facts
   demonstrating that Defendant Atchley violated his federal rights, but seems to claim Defendant
   Atchley is liable based on the conduct of his subordinates, Defendants Tyler, Ramos, and Sing.
   There is, however, no respondeat superior liability under section 1983 solely because a defendant
   is responsible for the actions or omissions of another. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th
   Cir. 1989). A supervisor generally "is only liable for constitutional violations of his subordinates
   if the supervisor participated in or directed the violations, or knew of the violations and failed to
   act to prevent them." *Id.* A supervisor may also be held liable if he or she implemented "a policy
   so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of
   the constitutional violation." *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir.
   1991) (en banc).

### III. PRO SE PRISONER MEDIATION PROGRAM

   The Northern District of California has established a Pro Se Prisoner Mediation Program.
   Certain prisoner civil rights cases may be referred to a neutral magistrate judge for settlement
   proceedings. The proceedings will consist of one or more conferences as determined by
   Magistrate Judge Robert M. Illman. The conferences shall be conducted with Plaintiff as well as
   Defendants and/or the representative for Defendants attending by videoconferencing.

---

antipsychotic medications except under certain limited circumstances." *In re Qawi*, 32 Cal. 4th 1, 21 (Cal. 2004).

3

Good cause appearing, the present case will be REFERRED to Magistrate Judge Robert Illman for settlement proceedings pursuant to the Pro Se Prisoner Mediation Program. Such proceedings shall take place within 120 days of the date this order is filed, or as soon thereafter as Magistrate Judge Illman's calendar will permit. Magistrate Judge Illman shall coordinate a place, time, and date for one or more settlement conferences with all interested parties and/or their representatives and, within fifteen days of the conclusion of all settlement proceedings, shall file with the Court a report thereon.

## IV. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The complaint, liberally construed, states a cognizable Eighth Amendment claim of deliberate indifference to Plaintiff's serious medical needs against Defendants Tyler, Ramos, and Sing.

2. Plaintiff's supervisory liability claim against Defendant Atchley is DISMISSED.

3. Plaintiff's action is referred to the Pro Se Prisoner Mediation Program. The Clerk is directed to serve Magistrate Judge Illman with a copy of this order and to notify Magistrate Judge Illman that a copy of the court file can be retrieved from the Court's electronic filing database.

4. The following Defendants shall be served: **Psychiatrists M. Tyler and G. Ramos; and Physician M. Sing at SVSP**.

Service on the listed Defendants shall proceed under the California Department of Corrections and Rehabilitation ("CDCR") e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: the operative complaint (Dkt. No. 1), this order of service, a CDCR Report of E-Service Waiver form and a summons. The Clerk also shall serve a copy of this order on Plaintiff.

No later than **forty (40) days** after service of this order via email on CDCR, CDCR shall provide the Court with a completed CDCR Report of E-Service Waiver advising the Court which Defendants listed in this order will be waiving service of process without the need for service by

4

the United States Marshal Service ("USMS") and which Defendants decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within **twenty-one (21) days**, shall file with the Court a waiver of service of process for Defendants who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each Defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The Clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons, and the operative complaint for service upon each Defendant who has not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

5. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) If service is waived after the date provided in the Notice but before Defendants personally have been served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later. The following briefing schedule shall govern dispositive motions in this action:

    a. No later than **sixty (60) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[6] notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to

---

[6] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

1  oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out
2  in *Rand* must be served concurrently with motion for summary judgment).  A motion to dismiss
3  for failure to exhaust available administrative remedies must be accompanied by a similar notice.
4  However, the Court notes that under the new law of the circuit, in the rare event that a failure to
5  exhaust is clear on the face of the complaint, Defendants may move for dismissal under Rule
6  12(b)(6), as opposed to the previous practice of moving under an unenumerated Rule 12(b)
7  motion.  *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (overruling *Wyatt v. Terhune*, 315
8  F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative
9  remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a
10 defendant as an unenumerated Rule 12(b) motion).  Otherwise, if a failure to exhaust is not clear
11 on the face of the complaint, Defendants must produce evidence proving failure to exhaust in a
12 motion for summary judgment under Rule 56.  *Id.*  If undisputed evidence viewed in the light most
13 favorable to Plaintiff shows a failure to exhaust, Defendants are entitled to summary judgment
14 under Rule 56.  *Id.*  But if material facts are disputed, summary judgment should be denied and the
15 district judge rather than a jury should determine the facts in a preliminary proceeding.  *Id.* at
16 1168.

17 If Defendants are of the opinion that this case cannot be resolved by summary judgment,
18 Defendants shall so inform the Court prior to the date the summary judgment motion is due.  All
19 papers filed with the Court shall be served promptly on Plaintiff.

20         b.        Plaintiff's opposition to the dispositive motion shall be filed with the Court
21 and served on Defendants no later than **twenty-eight (28) days** after the date on which
22 Defendants' motion is filed.

23         c.        Plaintiff is advised that a motion for summary judgment under Rule 56 of
24 the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you
25 must do in order to oppose a motion for summary judgment.  Generally, summary judgment must
26 be granted when there is no genuine issue of material fact—that is, if there is no real dispute about
27 any fact that would affect the result of your case, the party who asked for summary judgment is
28 entitled to judgment as a matter of law, which will end your case.  When a party you are suing

1   makes a motion for summary judgment that is supported properly by declarations (or other sworn
2   testimony), you cannot rely simply on what your complaint says.  Instead, you must set out
3   specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,
4   as provided in Rule 56(c), that contradict the facts shown in the defendant's declarations and
5   documents and show that there is a genuine issue of material fact for trial.  If you do not submit
6   your own evidence in opposition, summary judgment, if appropriate, may be entered against you.
7   If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand*, 154
8   F.3d at 962-63.

9         Plaintiff also is advised that—in the rare event that Defendants argue that the failure to
10  exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available
11  administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without
12  prejudice.  To avoid dismissal, you have the right to present any evidence to show that you did
13  exhaust your available administrative remedies before coming to federal court.  Such evidence
14  may include: (1) declarations, which are statements signed under penalty of perjury by you or
15  others who have personal knowledge of relevant matters; (2) authenticated documents—
16  documents accompanied by a declaration showing where they came from and why they are
17  authentic, or other sworn papers such as answers to interrogatories or depositions; and
18  (3) statements in your complaint insofar as they were made under penalty of perjury and show that
19  you have personal knowledge of the matters state therein.  As mentioned above, in considering a
20  motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary
21  judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide
22  disputed issues of fact with regard to this portion of the case.  *Albino*, 747 F.3d at 1168.

23        The notices above do not excuse Defendants' obligation to serve similar notices again
24  concurrently with motions to dismiss for failure to exhaust available administrative remedies and
25  motions for summary judgment.  *Woods*, 684 F.3d at 935.

26          d.    Defendants shall file a reply brief no later than **fourteen (14) days** after the
27  date Plaintiff's opposition is filed.

28          e.    The motion shall be deemed submitted as of the date the reply brief is due.

No hearing will be held on the motion unless the Court so orders at a later date.

6. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

7. All communications by Plaintiff with the Court must be served on Defendants or Defendants' counsel, once counsel has been designated, by mailing a true copy of the document to them.

8. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must file a notice of change of address promptly, specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

9. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

10. The Court directs the Clerk to correct the spelling of Defendant M. Sing's last name from "Seng" to "Sing." *See* Dkt. 1 at 1-2

IT IS SO ORDERED.

Dated: April 13, 2021

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge